# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEION HAGGERTY, Petitioner, v. RALPH DIAZ, Warden, Respondent. | Case No. CV 12-2219 DMG (JCG) **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, Petitioner's Motion for Certificate of Appealability, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation.

There are three issues, however, that warrant brief discussion here.

First, Petitioner claims in his Objections that he is entitled to equitable tolling from February 3, 2011 to February 26, 2012 because, during this period, "[he] repeatedly corresponded with the [California] State Bar about [its] ongoing investigation of [his counsel.]" While an attorney's wrongful or sufficiently

egregious conduct may justify equitable tolling, *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006), Petitioner provides *no* evidence that the State Bar's investigation of his counsel "actually prevented [Petitioner] from preparing or filing a timely petition." *Shannon*, 410 F.3d at 1090. In fact, Petitioner concedes that he received his file from his attorney in December 2010, months before his AEDPA limitation period expired.

Second, Petitioner vaguely asserts that his "actual innocence claim" should exempt him from AEDPA's limitations period. To pass through the actual innocence gateway and have his otherwise time-barred claims heard on the merits, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, other than Petitioner's conclusory assertion that his "actual innocence claim should exempt [him] from time tolling[,]" Petitioner fails to present *any* new reliable evidence to support his innocence. Accordingly, Petitioner fails to demonstrate that the actual innocence exception applies here.

Finally, to the extent Petitioner argues that his "lack of legal training[,]" "unskillfulness in criminal law litigation" and "ignorance of a technical requirement" warrant equitable tolling, Petitioner is mistaken. It is well established that a petitioner's *pro se* status and lack of legal knowledge or training are insufficient to warrant the granting of equitable tolling. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[]"); *Herrera v. Butler*, 2004 WL 1729927, at *2 (N.D. Cal. 2004), *aff'd*, 184 Fed. Appx. 648 (9th Cir. 2006) (a "petitioner's pro se status and ignorance of the law are not extraordinary circumstances warranting equitable tolling"); *Singletary v. Newland*, 2001 WL 1220738, at * 2 (N.D. Cal. 2001) ("A

misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance[.]").

The Court notes that Petitioner filed an interlocutory appeal of the Magistrate Judge's Report and Recommendation on April 5, 2013. Although "[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal," *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997), this Court retains jurisdiction in this instance because this Circuit has long recognized an exception to the general rule when the appeal is patently frivolous. *Marks v. Clarke*, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996) (citation omitted). Petitioner has not appealed from an appealable final order and therefore his appeal is frivolous. *See* 28 U.S.C. § 1291.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: August 30, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE